UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**JENNIFER FISCHER**, **HARRY FISCHER**,
and **ROBERT WRIGHT**,

                         Plaintiffs,

       v.

**TRANSWORLD SYSTEMS, INC.**,

                    Defendant.
_____

**COMPLAINT**

Civ. No.:   5:18-CV-1058[LEK/TWD]

Trial by Jury is Demanded

Plaintiffs, JENNIFER FISCHER ("MS. FISCHER"), HARRY FISCHER ("MR. FISCHER"), and ROBERT WRIGHT ("MR. WRIGHT") (collectively referred to as "PLAINTIFFS"), by and through undersigned counsel, allege upon knowledge as to themselves and their own acts, and upon information and belief as to all other matters, and bring this Complaint against Defendant, TRANSWORLD SYSTEMS, INC. (hereinafter referred to as "DEFENDANT") and in support thereof allege the following:

## PRELIMINARY STATEMENT

1.     PLAINTIFFS bring this action for damages arising from DEFENDANT's violations of the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, *et seq*.

## JURISDICTION AND VENUE

2.     The Court has jurisdiction over this action pursuant to 15 U.S.C. § 1692k(d).

3.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in the Northern District of New York.

///

1

## PARTIES

4.     MR. FISCHER is a natural person residing in Florida.

5.     MS. FISCHER is a natural person residing in South Carolina.

6.     MR. WRIGHT is a natural person residing in Syracuse, New York, and is MS. FISCHER's father.

7.     Each PLAINTIFF is a "consumer" as defined in the FDCPA at 15 U.S.C. § 1692a(3).

8.     Each PLAINTIFF allegedly owes a (past due) consumer "debt" as defined by 15 U.S.C. § 1692a(5).

9.     DEFENDANT is a corporation formed under the laws of California, with its principal business purpose as debt collection, and its headquarters located at 500 Virginia Drive, Suite 514, Ft. Washington, Pennsylvania, 19034.

10.     PLAINTIFFS are informed and believe, and thereon allege, that DEFENDANT regularly collects or attempts to collect consumer debts owed or due or asserted to be owed or due another and that DEFENDANT is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

11.     PLAINTIFFS repeat, re-allege, and incorporate by reference, paragraphs 1 through 10 inclusive, above.

12.     MR. FISCHER and MS. FISCHER maintained different loan accounts through EMPOWER FEDERAL CREDIT UNION, including an automotive loan and a personal loan.

13.     EMPOWER FEDERAL CREDIT UNION placed one of the accounts with DEFENDANT for collection.

2

14.     On or about June 4, 2018, DEFENDANT mailed a letter to MR. WRIGHT, seeking to collect debt relating to MR. FISCHER and MS. FISCHER's account.

15.     MR. WRIGHT does not owe this debt, nor is there any reason why DEFENDANT should have mailed a letter to him.

16.     MR. FISCHER and MS. FISCHER did not authorize DEFENDANT to communicate with MR. WRIGHT regarding the debt.

17.     MR. WRIGHT is not the spouse, guardian, executor, administrator, a consumer reporting agency, the creditor, the attorney for the creditor, or the attorney for the debt collector, for either MR. FISCHER or MS. FISCHER.

## FIRST CLAIM FOR RELIEF

### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692e
### BROUGHT BY MR. WRIGHT

18.     PLAINTIFFS repeat, re-allege, and incorporate by reference, paragraphs 1 through 17 inclusive, above.

19.     A debt collector "may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

20.     Attempting to collect from a non-debtor is a false, deceptive, or misleading representation in violation of 15 U.S.C. § 1692e.

21.     MR. WRIGHT does not owe this debt, nor is there any reason why DEFENDANT should have mailed a letter to him.

22.     By attempting to collect this debt from MR. WRIGHT, DEFENDANT made a false, deceptive, or misleading representation in violation of 15 U.S.C. § 1692e.

23.     This false and misleading representation would mislead the least sophisticated consumer.

24.     As a result of the FDCPA violations by DEFENDANT, MR. WRIGHT is entitled to an award of statutory damages.

25.     It has been necessary for MR. WRIGHT to obtain the services of an attorney to pursue this claim, and is entitled to recover reasonable attorneys' fees therefor.

26.     MR. WRIGHT has suffered the concrete injury of being deprived of his right to not receive communications from debt collectors that contain material misrepresentations, and he therefore has standing for the purposes of Article III.

## SECOND CLAIM FOR RELIEF

### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692c(b)
### BROUGHT BY MR. FISCHER AND MS. FISCHER

27.     PLAINTIFFS repeat, re-allege, and incorporate by reference, paragraphs 1 through 26 inclusive, above.

28.     With a few inapplicable exceptions, except as provided in 15 U.S.C. § 1692b, a debt collector may not communicate in connection with the collection of a debt with anyone other than the consumer. 15 U.S.C. § 1692c(b).

29.     On or about June 4, 2018, DEFENDANT mailed a letter to MR. WRIGHT, seeking to collect debt relating to MR. FISCHER and MS. FISCHER's account.

30.     MR. WRIGHT does not owe this debt, nor is there any reason why DEFENDANT should have mailed a letter to him.

31.     MR. FISCHER and MS. FISCHER did not authorize DEFENDANT to communicate with MR. WRIGHT regarding the debt.

32.     MR. WRIGHT is not the spouse, guardian, executor, administrator, a consumer reporting agency, the creditor, the attorney for the creditor, or the attorney for the debt collector, for either MR. FISCHER or MS. FISCHER.

33.     By communicating information about MR. FISCHER and MS. FISCHER's debt to this unauthorized third party, DEFENDANT violated 15 U.S.C. § 1692c(b).

34.     As a result of the FDCPA violations by DEFENDANT, MR. FISCHER and MS. FISCHER are entitled to an award of statutory damages.

35.     It has been necessary for MR. FISCHER and MS. FISCHER to obtain the services of an attorney to pursue this claim, and they are entitled to recover reasonable attorneys' fees therefor.

36.     MR. FISCHER and MS. FISCHER have suffered the concrete injury of having information regarding their debt being transmitted to unauthorized third parties against their will, and they therefore have standing for the purposes of Article III.

**DEMAND FOR JURY TRIAL**

37.     Please take notice that PLAINTIFFS demand trial by jury in this action.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFFS respectfully pray that this Court grant the following relief in PLAINTIFFS' favor, and that judgment be entered against DEFENDANT for the following:

(1)     For actual damages awarded to PLAINTIFFS, pursuant to 15 U.S.C. § 1692k(a)(1);

(2)     For statutory damages awarded to PLAINTIFFS, not to exceed $1,000 to each PLAINTIFF, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(3)     For reasonable attorneys' fees for all services performed by counsel in connection with the prosecution of these claims;

(4)     For reimbursement for all costs and expenses incurred in connection with the prosecution of these claims; and

(5)     For any and all other relief this Court may deem appropriate.

Dated: Rochester, New York.
September 5, 2018

Respectfully Submitted,

**DOUGLAS FIRM, P.C.**

/s/ Alexander J. Douglas

ALEXANDER J. DOUGLAS
New York Bar No. 5343892
36 West Main Street, Ste 500
Rochester, NY  14614
Tel: (585) 568-2224
Fax: (585) 546-6185
alex@lawroc.com